Judge Owsley
delivered the opinion of the court.*
Davis having recovered a judgment at law against Cuth - bert Payton for about HI5, Payton, for the purpose of being relieved, exhibited his bill in equity, and obtained the order of a judge for an injunction to the judgment, upon his executing bond with Harrison his security.
Accordingly, on the 24st day of March, 1798, Payton and Harrison executed their bond to Davis, under the penalty'of one thousand four hundred and thirty-six pounds, subject, nevertheless, to the following condition:—
“The condition of the above obligation is such, that whereas, the above bound Cuthbert Payton has prayed for and obtained an injunction in chancery, from the honorable James G. Hunter, one of the judges for the supreme court for the Bardstown district, to stay all further proceedings or: a judgment obtained by the said Travis Davis, against him, in the-said court, until the same shall be heard in equity,Now if the said Cuthbert Payton shall well and truly pay unto the said Travis Davis all such sums of money and tobacco, which are now due, or hereafter shall become due, to the said Davis, and also all such díunage» and costs a? *515 pball be awarded by said court, in case the injunction aforesaid shall be dissolved; then the above obligation to be void, else to remain in full force, &c.”
On ⅜ he partial di.'isolu* tlon of an in* junction, the plaintiff may ele*"t to bring1 debt or >ove-nanl on the i juncti n bond; if debt, thejudgmen': is for die pe-roerfres cou&ct, bu eife’uon g-OLS amount1 dis solved, aid costs; on judgment for t*e penal.y yet standing) not1' a' new suit, is the n)e(1y-
*515 The suit in chancery, after being prepared by the parties, having come on to hearing, the injunction, by a decree of the court of original jurisdiction, was dissolved for l\61, and made perpetual for the residue of the judgment at law.
After this, without any suit having been brought against him, but with the assent of Davis, Harrison appeared in court and confessed judgment in favor of Davis for the Z161, and has since actually paid the amount thereof.
Davis, then, by a writ of error, brought the chancery cause to this court, ahd finally obtained a reversal qf the decree; and the cause having been remanded to the court below, a decree was there entered, according to the opinion of this court, dissolving the injunction as to the whole of the judgment at law.
This action of covenant was then brought by Davis, up - on the condition of the injunction bond, for the purpose of subjecting Harrison to the payment of so much of the judgment at law as the injunction was, in the first instance, perpetuated for, but for which it was ultimately dissolved, together with the cost and damages.
But the court below, under a state of pleading involving the question, determined, that the judgment confessed by Harrison for the ¿161, barred the action: and whether it is such a bar, is the only enquiry to which the attention of this court need be directed.
From the very nature and object of the injunction, there is no doubt but that it might have been either partially dissolved at different times, or entirely at the same time. And as the injunction bond was required for the purpose of securing Davis in the payment of what should be assertained to be justly due to him upon the judgment, we apprehend, the condition should be construed to contain stipulations to pay such sums, and at such times, as might, either by a dissolution of the injunction in part, or in whole, be ascertained to be just.
Upon a dissolution, therefore, either in part or whole, the condition would, of necessity, be broken, and to obtain indemnity, in such a case, it is perfectly clear, that Davis might either bring an action of debt upon the penalty of fhe bond, or covenant upon the condition.
In an action of debt, however, judgment ought regularly *516 'q be entered for the penalty; and although execution should 'j<; succ' f°rso much only as the damages assessed upon the breaches assigned, and cost, vet as by a subsequent dissolution of the residue of the injunction, other breaches might happen, under the statute regulating proceedings in such cases, the judgment would stand as a surety for such breach-' es, and to obtain execution for damages subsequently ac-C1U1I:S uPon ’‘lc breaches, a scire facias should be prosecuted upon the. judgment.
B IJardin and Wickliffs for appellant, Pope for appellee.
the' ó””1 ⅛ not merg'd except as to the breaches 4 new action huh be tamed on fcrther bfea-ches..
But if upon the happening of ether breaches, instead of out d. scire facias upon the judgment, another action debt Ebould be brought upon the bond, it most unquestionably could not be sustained.
For as penalty is an entire duty, it forms but one debt; according to Huggins’ case, C Coke, 45, but one action debt can be maintained upon the obligation.
But whilst, it is admitted, but one action of debt can be maintained, as the condition is susceptible of breaches at different times, it is denied, that the same rule prevails in the action of covenant. But on the contrary, it is well set-' tied, that for each failure to pav according to the stipulations contained either in a promise or covenant, the promise or is broken; and where there are covenants to pay different; times, for each breach an action of covenant ma>' be maintained: 3 Saund. 327: Co. Lit. 292, b: Bacon’s Abri. title “debt,” letter B.
From what has been said, therefore, we apprehend, it follows conclusively, that the confession of judgment by Harrison cannot operate as a bar to the present action.
That judgment, as it is for but Í161, is not for more than might have been then recovered in an action of covenant, and as if rendered in covenant, it would not bar an action of covenant brought upon a subsequent breach, SO; as it was entered upon the voluntary confession of Harrison without suit, it cannot be more operative.
The judgment of the court below must therefore be reversed with cost, the cause remanded to that court, and such other and further proceedings there had, as may be consistent with this opinion.

Absent, Judge Rowak,